UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFREY L. ACHESON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>TEREMA CARLIN,<br><br>　　　　　　　Respondent. | Case No. 1:10-cv-00242-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Jeffery L. Acheson's First Amended Petition for Writ of Habeas Corpus, challenging his Ada County convictions on two counts of sexual abuse of a minor child under the age of sixteen. (Dkt. 21.) Respondent has answered the First Amended Petition. (Dkt. 26.) Petitioner has not filed a reply.

Having carefully reviewed the record in this matter, including the state court record, the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying habeas corpus relief.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on December 20, 2014, and April 13, 2015. (Dkt. 12 & 24.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Petitioner was charged in the Fourth Judicial District Court in Ada County, Idaho, with one count of lewd conduct with a minor child under the age of sixteen, four counts of sexual abuse of a minor child under the age of sixteen, and a persistent violator sentencing enhancement. (State's Lodging A-3 at 5-9.) In exchange for the dismissal of the lewd conduct charge, two of the sexual abuse charges, and the persistent violator charge, Petitioner pleaded guilty to the remaining two counts of sexual abuse of a minor—one count for each of Petitioner's two victims. (State's Lodging A-2 at 4-15; State's Lodging A-3 at 6.) Petitioner was sentenced to a fixed term of 10 years in prison on one count, and a consecutive fixed term of 15 years on the other. (State's Lodging A-3 at 47, 50.) Petitioner did not file a direct appeal at that time.

Petitioner later filed a petition for state postconviction relief, which asserted— among other things—that his trial counsel rendered ineffective assistance by failing to file a direct appeal. The state district court summarily dismissed the petition, but the Idaho Court of Appeals reversed, holding that the district court should have held an evidentiary hearing on the failure-to-appeal claim. (State's Lodging C-4 at 4.) The appellate court affirmed the dismissal of Petitioner's other claims, and the Idaho Supreme Court denied review. (*Id.* at 4-6; State's Lodging C-10.)

Petitioner then filed his initial Petition in this Court, and the case was stayed pending the resolution of Petitioner's state court proceedings. (Dkt. 15.)

On remand from the Idaho Court of Appeals, the state district court ultimately granted postconviction relief on the failure-to-appeal claim. (State's Lodging D-5 at 5.) The court reissued the judgment of conviction so that Petitioner could file a direct appeal. (*Id*.) On direct appeal, Petitioner argued that his sentence was excessive. (State's Lodging E-1.) The Idaho Court of Appeals affirmed the sentence, and the Idaho Supreme Court denied review. (State's Lodging E-3 & E-5.)

This Court reopened the instant case in October 2014, and Petitioner filed a First Amended Petition. (Dkt. 19 & 21.) The First Amended Petition asserts two primary federal claims[1]:

> Claim 1:     Trial counsel rendered ineffective assistance by failing to adequately investigate or prepare for the case and causing Petitioner to plead guilty. This claim includes allegations that trial counsel (a) failed to investigate critical witnesses, (b) failed to investigate Petitioner's "alibi defense," (c) failed to consult and adequately communicate with Petitioner during the pre-plea stage, (d) failed to subpoena cell phone records or security camera films, (e) failed to examine the crime scene or the victim's clothes for DNA or fingerprint evidence, (f) failed to "provide promised expert testimony to rebut the government's forensic findings," (g) lied to Petitioner about "case preparation and investigations," particularly false statements to Petitioner that there was no way to obtain

---

[1]     Petitioner also alleges violations of state law. However, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

**MEMORANDUM DECISION AND ORDER - 3**

inmate phone records and that counsel had filed a subpoena for Petitioner's cell phone records, (h) elicited false statements from Petitioner at the change-of-plea hearing, and (*i*) coerced Petitioner into pleading guilty.

Claim 2:                     Trial counsel labored under a conflict of interest. The alleged conflict is based on the following circumstances: (a) Petitioner's trial counsel was an attorney with the Ada County Public Defender's Office, and trial counsel, as well as other attorneys from that office, "exposed Petitioner . . . as an informant" to their clients; and (b) other attorneys with the Ada County Public Defender's Office represented the victim and her family "during a civil matter directly related to the criminal proceedings" against Petitioner.[2]

(Dkt. 21.)[3] Petitioner raised all of these claims in state court (State's Lodging C-1 & C-3), and the Idaho Court of Appeals denied them on the merits, *see Harrington v. Richter*, 562 U.S. 86, 99 (2011) (holding that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court

---

[2]        Petitioner organizes his claims slightly differently from the way the Court has described. However, some of his allegations do not fit comfortably within the claims as Petitioner presents them. For example, one of Petitioner's allegations, that counsel lied about the existence of telephone records, is presented in the context of Petitioner's conflict of interest claim, rather than his traditional ineffective assistance claim. (*See* Dkt. 21 at 22-23 (stating that counsel falsely told Petitioner he had requested the phone records, when counsel had actual relied on a statement of someone else that the records did not exist, and claiming that "this act and/or failure to act . . . created conflict based upon counsel's failure to properly investigate"). However, that allegation is more appropriately analyzed under the traditional, *Strickland* ineffectiveness framework. For these reasons, the Court has reorganized Petitioner's claims and assigned them the above alphanumeric labels to support accurate analysis and for convenience.

[3]        Petitioner also asserts that the cumulative errors of his trial counsel prejudiced him and therefore justify habeas relief. (*Id*. at 29-30.) Although Petitioner appears to assert this as an independent claim, in this case it is more appropriately considered within the framework for analyzing whether Petitioner suffered prejudice from trial counsel's allegedly deficient performance or alleged conflict of interest. The Court has considered this issue accordingly.

**MEMORANDUM DECISION AND ORDER - 4**

adjudicated the claim on the merits in the absence of any indication or state-law

procedural principles to the contrary," even if the state court decision is silent as to the

reason for the denial).

## HABEAS CORPUS STANDARD OF LAW

Federal habeas corpus relief may be granted on claims adjudicated on the merits in

a state court judgment when the federal court determines that the petitioner "is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances

where the state court's adjudication of the petitioner's claim

> (1)    resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an
> unreasonable determination of the facts in light
> of the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d). Although a federal habeas court reviews the state court's "last

reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v.*

*Nunnemaker*, 501 U.S. 797, 804 (1991), a state court need not "give reasons before its

decision can be deemed to have been 'adjudicated on the merits'" under § 2254(d).

*Harrington v. Richter*, 562 U.S. 86, 100 (2011).

**MEMORANDUM DECISION AND ORDER - 5**

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If there is any possibility that fair-minded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 562 U.S. 86, 102

**MEMORANDUM DECISION AND ORDER - 6**

(2011). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal citation omitted). That Court has reaffirmed that to be entitled to habeas relief under § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

As to the facts, the United States Supreme Court has clarified "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). This means that evidence not presented to the state court may not be introduced on federal habeas review if a claim was adjudicated on the merits in state court and if the underlying factual determination of the state court was not unreasonable. *See Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

**MEMORANDUM DECISION AND ORDER - 7**

When a petitioner contests the reasonableness of the state court's factual determinations, the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable . . . in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

The United States Court of Appeals for the Ninth Circuit has identified five types of unreasonable factual determinations that result from procedural flaws that occurred in state court proceedings: (1) when state courts fail to make a finding of fact; (2) when courts mistakenly make factual findings under the wrong legal standard; (3) when "the fact-finding process itself is defective," such as when a state court "makes evidentiary findings without holding a hearing"; (4) when courts "plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim"; or (5) when "the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Taylor v. Maddox*, 366 F.3d 992, 1000-01 (9th Cir. 2004). State court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

This strict deferential standard of § 2254(d) applies to habeas claims except in the following narrow circumstances: (1) where the state appellate court did not decide a properly-asserted federal claim; (2) where the state court's factual findings are unreasonable under § 2254(d)(2); or (3) where an adequate excuse for the procedural

**MEMORANDUM DECISION AND ORDER - 8**

default of a claim exists. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In those

circumstances, the federal district court reviews the claim de novo. In such a case, as in

the pre-AEDPA era, a district court can draw from both United States Supreme Court and

well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*,

489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not

unreasonable, the Court must apply the presumption of correctness found in 28 U.S.C. §

2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, if a

state court factual determination is unreasonable, or if there are no state court factual

findings, the federal court is not limited by § 2254(e)(1). Rather, the federal district court

may consider evidence outside the state court record, except to the extent that

§ 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

## DISCUSSION

**1.      Claim 1(a)-(*i*): Ineffective Assistance of Trial Counsel**

The Court first addresses Petitioner's claim that his trial counsel rendered

ineffective assistance by committing various errors during the pre-plea stage and by

coercing Petitioner to plead guilty.

### A.      *Clearly-Established Law*

The Sixth Amendment to the United States Constitution provides that a criminal

defendant has a right to the effective assistance of counsel in his defense. The standard

for ineffective assistance of counsel claims was identified in *Strickland v. Washington*,

466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel must show

**MEMORANDUM DECISION AND ORDER - 9**

that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) those errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the "reasonableness" of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of a defense, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 U.S. at 690. Moreover, an attorney who decides not to

**MEMORANDUM DECISION AND ORDER - 10**

investigate a potential defense theory is not ineffective so long as the decision to forego

investigation is itself objectively reasonable:

> [S]trategic choices made after less than complete
> investigation are reasonable precisely to the extent that
> reasonable professional judgments support the limitations on
> investigation. In other words, counsel has a duty to make
> reasonable investigations or to make a reasonable decision
> that makes particular investigations unnecessary. In any
> ineffectiveness case, a particular decision not to investigate
> must be directly assessed for reasonableness in all the
> circumstances, applying a heavy measure of deference to
> counsel's judgments.

*Id.* at 690-91.

The Ninth Circuit has provided some insight into the *Strickland* standard when

evaluating an attorney's "strategy calls." These cases are instructive in the Court's

assessment of whether the state court reasonably applied *Strickland. Duhaime*, 200 F.3d

at 600. First, tactical decisions do not constitute ineffective assistance simply because, in

retrospect, better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d

1228, 1241 (9th Cir. 1984). Second, a mere difference of opinion as to tactics does not

render counsel's assistance ineffective. *United States v. Mayo*, 646 F.2d 369, 375 (9th

Cir. 1981).

If a petitioner shows that counsel's performance was deficient, the next step is the

prejudice analysis. "An error by counsel, even if professionally unreasonable, does not

warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment." *Strickland*, 466 U.S. at 691. To satisfy the prejudice standard, a petitioner

"must show that there is a reasonable probability that, but for counsel's unprofessional

**MEMORANDUM DECISION AND ORDER - 11**

errors, the result of the proceeding would have been different." *Id.* at 694. As the

*Strickland* Court instructed:

> In making this determination, a court hearing an
> ineffectiveness claim must consider the totality of the
> evidence before the judge or jury. Some of the factual
> findings will have been unaffected by the errors, and factual
> findings that were affected will have been affected in
> different ways. Some errors will have had a pervasive effect
> on the inferences to be drawn from the evidence, altering the
> entire evidentiary picture, and some will have had an isolated,
> trivial effect. Moreover, a verdict or conclusion only weakly
> supported by the record is more likely to have been affected
> by errors than one with overwhelming record support. Taking
> the unaffected findings as a given, and taking due account of
> the effect of the errors on the remaining findings, a court
> making the prejudice inquiry must ask if the defendant has
> met the burden of showing that the decision reached would
> reasonably likely have been different absent the errors.

*Id.* at 695-96. To constitute *Strickland* prejudice, "[t]he likelihood of a different result

must be substantial, not just conceivable." *Richter*, 562 U.S. 86 at 112.

To show prejudice based on deficient performance of counsel in a case where, as

here, the petitioner pleaded guilty, the petitioner "must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

When evaluating a claim of ineffective assistance of counsel in a federal habeas

proceeding under § 2254(d), the Court's review of that claim is "doubly deferential."

*Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

**MEMORANDUM DECISION AND ORDER - 12**

**B.** **State Court Decision**

The Idaho Court of Appeals correctly cited *Strickland v. Washington* as the federal

law governing ineffectiveness claims. (State's Lodging at C-4 at 3.) In rejecting

Petitioner's claim that trial counsel rendered ineffective assistance and coerced him to

plead guilty, the Idaho Court of Appeals relied on the following plea colloquy:

> [The court]:   Has *anyone intimidated you, or threatened you,*
>                 or anyone close to you, to make you plead
>                 guilty?
>
> [Petitioner]:   *No.*
>
> [The court]:   Has anyone offered you a reward or incentive to
>                 plead guilty?
>
> [Petitioner]:  No.
>
> [The court]:   Are you *pleading guilty even though you are*
>                 *innocent?*
>
> [Petitioner]:   *No.*
>
> . . . .
>
> [The court]:   When did you decide to plead guilty?
>
> [Petitioner]:  This morning.
>
> [The court]:   *Why did you decide to?*
>
> [Petitioner]:   *DNA evidence is there, ma'am. It says I did it.*
>
> [The court]:   Have you had enough time to think this over?
>
> [Petitioner]:  Yes.
>
> [The court]:   Have you had enough time to talk to a lawyer?
>
> [Petitioner]:  We talked.

**MEMORANDUM DECISION AND ORDER - 13**

[The court]:   When you talked, did you tell him what happened or what you could recall of what happened?

[Petitioner]:   Yes.

[The court]:   Did he tell you to your satisfaction what your rights and defenses are?

[Petitioner]:   Yes, he did.

[The court]:   Did he talk to you about the consequences of pleading guilty on Counts 2 and 3?

[Petitioner]:   Yes, he did.

[The court]:   *Are you satisfied with his representation?*

[Petitioner]:   *Yes.*

[The court]:   Are there other questions you would like to ask him, or would you like some more time to discuss matters with hi m?

[Petitioner]:   No, ma'am.

. . . .

[The court]:   Are you pleading guilty freely and voluntarily?

[Petitioner]:   I am.

(State's Lodging C-4 at 5-6 (quoting State's Lodging A-2 at 6-10) (emphasis in original).)

The court of appeals denied the ineffective assistance claims because the allegations Petitioner made in his postconviction petition "were clearly contradicted by his sworn testimony at the guilty plea hearing." (*Id*. at 6.)

**MEMORANDUM DECISION AND ORDER - 14**

### C.     Petitioner Is Not Entitled to Relief on Claim 1

The Idaho Court of Appeals' decision rejecting Petitioner's ineffective assistance of counsel claims was not based on an unreasonable application of Supreme Court precedent, nor was it based on an unreasonable finding of fact. *See* 28 U.S.C. §2254(d). Petitioner's statements with respect to his counsel's representation and his insistence that he was not pleading guilty as a result of any coercion support the state court's conclusion that trial counsel did not perform deficiently and did not coerce Petitioner to plead guilty.

Moreover, even if counsel's performance had been deficient, Petitioner has not shown a reasonable probability of prejudice. *See Strickland*, 466 U.S. at 694. Petitioner took advantage of a favorable plea agreement that reduced the charges from five to two and dismissed the persistent violator enhancement. The dismissal of the lewd conduct charge was particularly advantageous to Petitioner, as that charge carries a maximum sentence of life imprisonment. Idaho Code § 18-1508. Other than his own self-serving allegations, which did not convince the state courts, Petitioner has pointed to no evidence supporting an inference that, had counsel represented him differently, Petitioner would not have pleaded guilty but, instead, would have insisted on going to trial. *See Hill*, 474 U.S. at 59.

For these reasons, Petitioner cannot meet the *Strickland* standards for either deficient performance or prejudice, and the Idaho Court of Appeals' decision was reasonable under 28 U.S.C. § 2254(d).

**MEMORANDUM DECISION AND ORDER - 15**

2.      **Claim 2(a)-(b): Conflict of Interest**

The Court now turns to Petitioner's claim that his trial counsel labored under a conflict of interest.

A.      *Clearly-Established Law*

A criminal defendant's Sixth Amendment right to the effective assistance of counsel includes the right to be represented by conflict-free counsel. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). A *potential* conflict of interest, however, is not enough. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980) (stating that the mere "possibility of [a] conflict is insufficient to impugn a criminal conviction"). Instead, a petitioner asserting an attorney conflict-of interest claim "must establish that an actual conflict of interest adversely affected his lawyer's performance." *Id*. at 349.

When a trial court is made aware of an attorney's potential conflict of interest, the trial court must either appoint new counsel or take adequate steps to determine whether the risk of an actual conflict is too remote to warrant appointment of new counsel. *Holloway v. Arkansas*, 435 U.S. 475, 484 (1978).

B.      *State Court Decision*

The Idaho Court of Appeals did not expressly cite *Cuyler v. Sullivan*, but it appropriately analyzed Petitioner's conflict-of-interest claim using the same "active conflict" standard that the Supreme Court established in *Cuyler. See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding the[] pitfalls [of § 2254(d)(1)] does not require citation of our cases—indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Though Petitioner

**MEMORANDUM DECISION AND ORDER - 16**

alleged that other attorneys with the public defender's office represented the victim's family in a related civil matter, and that his trial attorney called Petitioner a "rat" and advised other clients not to associate with him, Petitioner could not show "that trial counsel actively represented a competing interest [or] how such a conflict of interest adversely affected trial counsel's performance." (State's Lodging C-4 at 4-5.)

### C.   *Petitioner Is Not Entitled to Relief on Claim 2*

The Idaho Court of Appeals' rejection of Petitioner's conflict-of-interest claim was not unreasonable. *See* 28 U.S.C. § 2254(d). Petitioner's allegations establish, at most, only the possibility of a *potential* conflict. Nothing in the record allows this Court to conclude either than at actual conflict existed, or that any such conflict adversely affected trial counsel's performance. Therefore, Petitioner is not entitled to relief on Claim 2.

## CONCLUSION

For the foregoing reasons, Petitioner is not entitled to federal habeas relief. Therefore, the Petition will be denied with prejudice.

## ORDER

**IT IS ORDERED:**

1.   Petitioner's Request for Discovery (Dkt. 22) is DENIED. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

**MEMORANDUM DECISION AND ORDER - 17**

2.     Respondent's Motion for Extension of Time to File Answer (Dkt. 25) is GRANTED. Respondent's Answer and Brief in Support of Dismissal (Dkt. 26) is deemed timely.

3.     The First Amended Petition for Writ of Habeas Corpus (Dkt. 21) is DENIED, and this entire action is DISMISSED with prejudice.

4.     The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 15, 2016

B. Lynn Winmill
Chief Judge
United States District Court